# Russell v. Redding.

*Action on Promissory Note, by Assignee against Maker.*

*Set-off against assigned note.* — In an action on a promissory note not payable at a bank or banking house (Rev. Code, § 1889), brought by an assignee against the maker, the defendant may set off another note, which the assignor owed him at the time of the assignment and notice thereof, although the assigned note was not due at that time.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon J. McCALEB WILEY.

This action was brought by William M. Russell against Charles H. Redding ; was commenced on the 23d day of October, 1869 ; and was founded on the defendant's promissory note, which was in these words : " $1,455.72. By the first day of January, 1869, I promise to pay A. Lane the sum of fourteen hundred and forty-five $\frac{72}{100}$ dollars, this November 25, 1867 ; " which was signed, " C. H. Redding." The plaintiff sued as the assignee of said A. Lane, and averred that the note was his property, and was " traded to him " before maturity. The defendant pleaded the general issue, and set-off ; and issue was joined on these pleas. On the trial, as the bill of exceptions shows, the plaintiff proved that the note sued on " was traded to him by said A. Lane, the payee, for valuable consideration, within one week, or less, after the 25th day of November, 1867 ; and that he received said note without any notice of any set-off against it, or any agreement between said Lane and defendant in reference to it." The defendant testified, as a witness in his own behalf, " that said note was given with the understanding and agreement, by parol, that it should be credited on a note then belonging to him, which was in the following words : ' $1,953.80. Steam Mill, Ala., December 25, 1866. Twelve months after date, I promise to pay to the order of C. H. Redding, or bearer, the sum of nineteen hundred and fifty-three $\frac{80}{100}$ dollars, value received ; ' which was signed, ' A. Lane,' " and which was read in evidence. He further testified, that the plaintiff informed him that he had purchased the note sued on, which is called in the transcript " the blue note," " a short time after the 25th November, 1867 ; " and that he, in reply, notified plaintiff that he claimed the other, which is called in the transcript " the white note," as a set-off. There was other evidence in the case, which, under the opinion of this court, it is not necessary to notice.

The court charged the jury, on the written request of the defendant, as follows : " 1. If the jury believe, from the evidence, that the note sued on was given by defendant to Lane, with the understanding, or contract, that it was to be credited on the note for $1,953.80 then in the defendant's hands, due to defendant, and made by Lane, then they must find for the defendant, if the proof shows that it was not credited by the fault of Lane.

" 2. If the jury believe, from the evidence, that Lane owed Redding, at the time the note sued on was given, a note for a larger amount, which has ever since belonged to Redding, and is still unpaid ; and that he did not know of or consent to the transfer of the note to plaintiff before said transfer was made, then they must find for the defendant."

The plaintiff excepted to these charges, and he now assigns

[Alexander *v.* Rea.]

them as error, together with the refusal of other charges asked by him.

JOHN A. FOSTER, with WOOD & ROQUEMORE, for appellant.

PETERS, C. J. — The only question in this case arises on the plea of set-off. The plaintiff sued as the assignee of Lane, and the defendant claimed as a set-off a note for a larger amount, which Lane owed him at the time the note sued on was given, and at the time it was assigned to the plaintiff. Under the charge of the court, the set-off was allowed; and this ruling is assigned as error. The ruling of the court was certainly correct. Our statute is a direct authority to that effect. It is in these words: " All contracts and writings, except bills of exchange, and promissory notes payable in money at a bank or private banking house, and paper issued to circulate as money, are subject to all payments, sets-off, and discounts, had or possessed against the same previous to notice of the assignment or transfer." Rev. Code, § 1839. This puts the assignee in the place of the assignor, just as if the suit had been brought by the latter against the maker. There can be no doubt that, in an action between Redding and Lane, these notes would be mutual debts, both being due at the time of suit brought. Such debts may be set off against each other, under the statute. Rev. Code, § 2642. This set-off, by virtue of the statute above quoted, clings to the demand in the hands of the assignee. Such was the effect of the charges of the court. This was correct.

The judgment is, therefore, affirmed, with costs.